# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DEMAREAH OWENS,<br><br>    Plaintiff,<br><br>v.<br><br>MONTREAL ALEXANDER, LAUREN PACHMAYER, and JOHN DOE,<br><br>    Defendants. | Case No. 24-CV-716-JPS<br><br>**ORDER** |

  Plaintiff Demareah Owens ("Plaintiff"), a former prisoner, filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. On July 25, 2024, the Court screened Plaintiff's complaint and allowed Plaintiff to proceed on the following claim: Eighth Amendment deliberate-indifference claim against Defendants Lauren Pachmayer ("Pachmayer"), Montreal Alexander ('Alexander"), and Curtis for their indifference to the serious risk of Plaintiff's self-harm. ECF No. 8 at 5. On August 9, 2024, the Wisconsin Department of Justice ("DOJ") accepted service for Defendants Pachmayer and Alexander; the DOJ did not accept service for Defendant Curtis because it was unable to identify this defendant with the information provided. ECF No. 10. On September 18, 2024, the Court directed the Clerk of Court to replace Defendant Curtis with John Doe to allow Plaintiff additional time to identify this defendant. ECF No. 19.

  On June 27, 2025, the Court scheduled an evidentiary hearing to be held on August 22, 2025, to resolve a factual issue as to whether Plaintiff exhausted his administrative remedies. ECF No. 25. The Court ordered the

parties to file an exhibit list and any witnesses the parties wish to present at the hearing on or before August 15, 2025. *Id.* On August 19, 2025, Defendants filed a motion for an extension of time to file an exhibit and witness list for the hearing. ECF No. 26. On August 20, 2025, the Court granted Defendants' motion for an extension of time. ECF No. 27. On August 22, 2025, the Court held the scheduled evidentiary hearing; however, Plaintiff failed to appear or otherwise communicate with the Court. ECF No. 28. The Court allowed Defendants to make their factual record on the exhaustion issue. *Id.*

Given Plaintiff's pro se status, the Court took the matter under advisement and allowed Plaintiff a brief period of time to appear; however, to date, Plaintiff has failed to explain his absence from the evidentiary hearing or to otherwise communicate with the Court. As identified in the Court's prior summary judgment decision, the purpose of the evidentiary hearing was to resolve the factual issue of whether prison officials were responsible for mishandling Plaintiff's initial March 29, 2024 inmate complaint. ECF No. 25 at 10. During the evidentiary hearing, Defendants presented evidence through the inmate complaint examiner, Ms. Ashley Schmidt, to explain in detail why Plaintiff had failed to exhaust his administrative remedies as to the Eighth Amendment claim in this case. *See* ECF No. 28. Ms. Schmidt offered a reasonable explanation of the information request form from April 8, 2024, which, as the Court previously indicated, indirectly suggested Plaintiff did not receive a return letter and could have excused his failure to exhaust. *See* ECF No. 25 at 10. With no evidence to the contrary, the Court is therefore obliged to find in favor of Defendants. The Court finds Defendants have met their burden to show

that prison officials were not responsible for mishandling the grievance in order to excuse Plaintiff's failure to fully exhaust.

As such, the Court finds that Plaintiff failed to exhaust his administrative remedies as to the Eighth Amendment claim against Defendants. Although a Doe defendant exists, Defendants previously sought dismissal of the case in its entirety because the record shows that Plaintiff did not exhaust his administrative remedies as to any defendant. *See* ECF No. 22. The Court agrees. The Court will accordingly grant Defendants' motion for summary judgment and dismiss the case, in its entirety, without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (finding all exhaustion dismissals should be without prejudice).

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies, ECF No. 14, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for Plaintiff's failure to exhaust administrative remedies.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of September, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.